HONORABLE JOHN D. BATES, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-294</u> |
| | : | |
| vs. | : | |
| | : | |
| DESOUSA, Joaquim | : | Disclosure Date: <u>August 1, 2007</u> |

**FILED**
**OCT 1 8 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
    ( )    There are no material/factual inaccuracies therein.
    ( )    There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____         _____
Prosecuting Attorney                                                       Date

### For the Defendant

(CHECK APPROPRIATE BOX)
    ( )    There are no material/factual inaccuracies therein.
    (X)    There are material/factual inaccuracies in the PSI report as set forth in the attachment.

X _[signature]_____  X _____      _[signature]_____ 8/17/07
Defendant               Date                   Defense Counsel        Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>August 15, 2007</u>, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Gennine A. Hagar, Chief
         United States Probation Officer

**Receipt and Acknowledgment**                                                    **Page 2**

Ms. Brandon:

Please see attached letter.

Thank you.

Signed by: _____
(Defendant/Defense Attorney/AUSA)

Date: 8/17/07

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

August 17, 2007

**BY FACSIMILE**

Sherry Brandon
United States Probation Officer
3rd and Constitution Avenue, N.W.
Washington, DC 20001

Re: **United States v. Joaquim DeSousa**
**Crim. Number 06-294 (JDB)**

Dear Ms. Brandon:

Below please find the Defendant's Objections and Comments to the Presentence Report prepared in the above-referenced case, dated August 1, 2007.

Objections and Comments

1. With respect to paragraph 10, there is no evidence in this case that Mr. DeSousa ever received any of the $20 security deposits or the $89.95 payments collected by Ms. Beal. I understand this paragraph is taken directly from the factual proffer, but as it stands it implies that Ms. Beal was collecting $20 security deposits and $89.95 payments and forwarding them on to Mr. DeSousa. I do not believe that is the case. You can confirm this with AUSA Michael Atkinson or Agent Matt Lujack of the U.S. Secret Service. Please amend paragraph 10 to reflect that Mr. DeSousa did not receive any money from Ms. Beal from the alleged third-party payments. Furthermore, if Mr. DeSousa never received these funds, there was no "commission" or "refund" to be paid to the employees. Accordingly, please amend that part of paragraph 10, as well.

2. The "victim impact" statement contained in paragraph 17 must be removed. Mr. DeSousa has not been charged in this case with selling faulty ATM machines. The conduct discussed in this paragraph is entirely irrelevant to this case. See Statement of Facts. Mr. Michael Luther is not a "victim" of the conduct in this case, and the story he tells in paragraph 17 is immaterial. Indeed, when the government raised ATM issues early in this case, the Court made it clear that it would not involve itself in a business dispute that was not related to the case. Please delete paragraph 17 in its entirety.

3.	With respect to the statement by Mr. DeSousa contained in paragraph 19, I understand that statement is from a copy you made of a long letter Mr. DeSousa wrote about his life and the offense conduct. I also understand that Mr. DeSousa gave you the letter at the conclusion of the presentence interview. As you will recall, I was present for the majority of the presentence interview and stated that I wanted to be present for any discussions of the offense conduct in this case. When I left, the only task remaining was for Mr. DeSousa to execute release forms.

The letter you copied was a letter that I had requested Mr. DeSousa write to me. It was intended to be an attorney-client privileged communication. Apparently, Mr. DeSousa did not understand the ramifications of disclosing it to the Probation Office and made an uncounseled decision to let you copy it. Given that the letter was intended to be an attorney-client privileged communication, and not intended for disclosure to third parties, we respectfully request that you return the letter to me and delete paragraph 20 in its entirety. Thank you in advance for considering this request.

4.	We object to the two (2) point enhancement under U.S.S.G. § 2B1.1(b)(10)(A)(ii) set forth in paragraphs 27 and 28. In paragraph 21, you note that you have used the 2006 edition of the Guidelines in this case. In fact, it is the 2003 edition of the Guidelines that controls this case, as the offense conduct ended in July 2004. See PSR ¶ 2; U.S.S.G. § 1B1.11(b)(1); United States v. Gaviria, 116 F.3d 1498, 1513 (D.C. Cir. 1997). Accordingly, all guideline determinations in this case must be made under the 2004 manual, unless application of the 2006 manual would be more favorable for Mr. DeSousa. See U.S.S.G. § 1B1.11(b)(2).

There is no enhancement under the 2004 version of the Guidelines for offenses involving "authentication features." Accordingly, this enhancement should be deleted, and Mr. DeSousa's total offense level should be a 20, as contemplated by the plea agreement. Thank you.

5.	With respect to paragraph 104, Mr. Luther's claim to restitution is not germane. Please delete it from the PSR.

Thank you for your consideration in this matter. Please feel free to call me to discuss any of the above.

Sincerely yours,

JONATHAN S. JEFFRESS
Assistant Federal Public Defender

cc:	Mike Atkinson, AUSA